Filed 8/21/14  P. v. Amaya CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B245905 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA392980) |
| v. | |
| ALFREDO JOSE AMAYA, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered the opinion filed herein on August 15, 2014, be modified as follows:

1.  On page 7, in the second full paragraph, the first sentence, beginning "Moreover, appellant's argument" is deleted and the following is inserted in its place:

Moreover, appellant's argument the evidence as to counts 3 and 4 was insufficient because the jury convicted appellant on those counts but not on counts 1 and 2 is akin to an argument the evidence on counts 3 and 4 was insufficient because of inconsistent verdicts.

There is no change in the judgment.

Filed 8/15/14 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B245905 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA392980) |
| ALFREDO JOSE AMAYA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gail Ruderman Feuer, Judge. Affirmed.

Eduardo Paredes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Alfredo J. Amaya appeals from the judgment entered following his convictions by jury on count 3 – lewd act upon a child (Pen. Code, § 288, subd. (a)) and count 4 – sexual penetration with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b)). The court sentenced appellant to prison for 15 years to life, plus six years. We affirm.

### FACTUAL SUMMARY

1. *People's Evidence.*

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 (*Ochoa*)), the evidence established in about October 2010, appellant and nine-year-old J.L. (J.), his niece, lived in different apartments in an apartment building in Los Angeles. Appellant would pick up J. and his son Jo. from school and bring them to appellant's apartment until J.'s mother came home from work.

J. testified that on each of three days during a week in October 2010, she and appellant were in appellant's apartment after school. On the first day, appellant was playing on a computer. Appellant had J. sit on his lap. He put his hand on J.'s genital area over her clothes. On the second day, appellant again had her sit on his lap. Appellant put his hand inside J.'s pants and over her underwear (count 3).[1] He left his hand there, causing her to feel uncomfortable, scared, and sad. On the third day, appellant put his hand under J.'s underwear, moved his hand around, and put his finger inside her vagina (count 4), touching her "skin to skin."[2] When these acts occurred, Jo., who was about 10 years old, was elsewhere in the apartment.

After appellant began taking J. home from school, J. told her 16-year-old sister A.L. (A.) that appellant had been touching J. J. and A. cried. The next day, A. called their mother, S.L. (S.) at work, and told her what appellant had done. S. cried. S. came home from work,

---

[1] The jury convicted appellant on count 3 of "lewd act upon a child under the age of 14 years, to wit: touching the child's vaginal area over her underwear and under her pants by the defendant's hand upon J.L., on or between June 1, 2010, and June 1, 2011." (Some capitalization omitted.)

[2] The jury convicted appellant on count 4 based on his sexual penetration of J. on or between June 1, 2010, and June 1, 2011.

2

questioned J., and J. began crying. S. embraced J., reassured her, and J. told S. what appellant had done to her.

S. made arrangements to prevent appellant from picking up J. from school, and told J. not to tell appellant that J. had told S. about the abuse. S. did not call the police because she was concerned about her husband's health and appellant's children. The next day, when J. did not come home with appellant, he asked her why she was not coming home with him and if she had "told anybody." J. denied she had told anyone.[3]

After J. told S. what appellant had done, J. told her grandmother. In 2011, when J. was in the fourth grade, she told her best friend about appellant's abuse of J. In November 2011, J. told her teacher about the abuse and police were notified. On November 22, 2011, Nicole Farrell, a child interview specialist at the University of California Medical Center, interviewed J. J. recounted appellant's previously discussed abuse and told Farrell that Jo. was not present when it occurred.

Los Angeles Police Detective Alma Mercado was assigned to the present case on November 18, 2011, and testified on October 10, 2012, as follows. Children commonly delayed reporting sexual abuse, especially when the abuser was a family member. Because "it happened two years after," Mercado did not remember if a medical examination occurred in this case. Because "it happened two years after," the family was supposed to make any

---

[3] About two months later, A. told S. that appellant had sexually abused A. The abuse occurred when she was between about five years old and 10 years old. During the abuse, appellant told A. her parents did not love her and, if she reported what was happening, they would not believe her and would not care. At the time, A. did not tell her parents about the abuse because she was afraid she would get into trouble. A. did not report the abuse to S. when J. told S. that appellant was abusing J., because A. saw how upset S. had been that appellant had abused J. After A. told S. about appellant's abuse of A., A. and S. agreed not to call the police because they were concerned about the health of A.'s father. The information alleged appellant committed two crimes against A., i.e., continuous sexual abuse (Pen. Code, § 288.5, subd. (a); count 1) on or between July 28, 1999, and July 28, 2002, and lewd act upon a child (Pen. Code, § 288, subd. (a); count 2) on or between July 29, 2002, and July 28, 2003. After the jury deadlocked on counts 1 and 2, the court declared a mistrial as to those counts and later dismissed them pursuant to Penal Code section 1385.

3

appointment, not Mercado. The family had wanted a medical examination. At time of trial, J. and appellant still lived in their respective apartments in the apartment building.

2. *Defense Evidence.*

In defense, relatives of appellant testified to the effect he had not acted inappropriately with J. or A. Jo. acknowledged that when J. was at appellant's apartment after school, Jo. was not always in the room with J.

## ISSUES

Appellant claims (1) the trial court erroneously admitted into evidence J.'s hearsay statements to A., and (2) insufficient evidence supports his convictions.

## DISCUSSION

1. *The Trial Court Did Not Erroneously Admit Hearsay Into Evidence.*

a. *Pertinent Facts.*

During direct examination by the People, A. testified that on one occasion after J. started coming home with Jo., A. and J. were in their room when J. told A. that "[J.] was scared." The prosecutor asked A. if J. said what frightened her, and A. replied, "Yes, [J.] started crying, and I sort of instantly knew why because she said 'I don't want to go back there tomorrow.' " Appellant objected and moved to strike the testimony on the ground it was hearsay. The court sustained the objection.

Fairly read, the record reflects that later at sidebar, and following discussions between the parties and the court, the court ruled J.'s statements to A. were admissible under the fresh complaint doctrine. The court later stated in the presence of the jury, "So the objection is overruled, so the testimony comes in with respect to what [A.] just testified about what [J.] told her. However, it's coming in for a limited purpose, so it's not coming in for the purpose of what the truth of whether or not [J.] was scared, but rather I'm allowing it in to explain the sequence of events, events of either talking to her mother about what happened. So it's not coming in for the truth of the statement, which is whether or not [J.] was scared." (*Sic.*)

b. *Analysis.*

Appellant claims the trial court allowed A. to relate inadmissible hearsay from J. He argues J.'s statements "[J.] was scared" and "I don't want to go back there tomorrow"

4

(hereafter, the challenged statements) were inadmissible hearsay. We reject appellant's claim.

Under the fresh complaint doctrine, evidence of a testifying sexual offense victim's extrajudicial complaint the sexual offense occurred may be considered by the jury for the purpose of corroborating the victim's testimony. (*People v. Brown* (1994) 8 Cal.4th 746, 758-763 (*Brown*); *People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1522.) *Brown* observed, "evidence of the fact of, and the circumstances surrounding, an alleged victim's disclosure of the offense may be admitted in a criminal trial for nonhearsay purposes . . . ." (*Brown,* p. 763.) The nature of the crime(s) and the victim's identification of the assailant are properly included in the fresh complaint. (*People v. Burton* (1961) 55 Cal.2d 328, 351.) We review for abuse of discretion a trial court's ruling on the admissibility of evidence, including a ruling on a hearsay objection. (*People v. Waidla* (2000) 22 Cal.4th 690, 725.)

As indicated, the trial court admitted the challenged statements under the fresh complaint doctrine. Fairly read, the record reflects the trial court ruled it was not admitting the challenged statements for their truth that J. was scared, but to explain the events of "either talking to her mother," i.e., either A. or J. talking to S., about what happened. The challenged statements were part of "the circumstances surrounding[] an alleged victim's disclosure of the offense" (*Brown, supra*, 8 Cal.4th at p. 763), i.e., the challenged statements were part of the circumstances leading A. to call S., which in turn led J. to tell S. about the offenses. Appellant concedes the trial court relied on the fresh complaint doctrine. We hold the challenged statements were nonhearsay properly proffered and admitted into evidence under that doctrine. (Cf. *id.* at pp. 763-764.)

Appellant argues the fresh complaint doctrine is inapplicable to J.'s statement she was scared. Appellant reasons J.'s statement she was scared was hearsay because it was offered to explain A.'s later report to S. about appellant's alleged sexual abuse of J., and if A. had not believed J.'s statement was true, A. would not have called S. We reject the argument. It confuses the nonhearsay purpose for which the People offered J.'s statement with A.'s subsequent alleged belief the statement was true, a matter irrelevant to whether the statement was or was not hearsay. Moreover, the fact A. reported the matter to S. does not demonstrate

5

A. believed J. was scared; A. could have believed it was important to relate J.'s claim of fear to S. whether or not A. believed that claim.

Appellant argues the fresh complaint doctrine is inapplicable because J. was available to testify. The argument is without merit. Appellant cites no case holding unavailability at trial of the declarant of a fresh complaint is a condition of its admissibility. In *Brown*, the fresh complaint declarant testified. (*Brown, supra*, 8 Cal.4th at pp. 750-753, 763-764.)

Appellant argues the fresh complaint doctrine is inapplicable because J.'s testimony she complained to her teacher about appellant's misconduct preceded A.'s testimony relating the challenged statements. The argument is without merit. J. testified after A. testified. Moreover, appellant cites no authority for the proposition a statement otherwise admissible under the fresh complaint doctrine is inadmissible merely because evidence of another complaint by the declarant was admitted into evidence.

Appellant argues the fresh complaint doctrine is inapplicable because the challenged statements do not allege appellant's sexual acts. We reject the argument. The doctrine permits introduction of evidence of the circumstances of an alleged victim's disclosure, not merely the fact of disclosure or the nature of the crime.

Even if the challenged statements were hearsay, it does not follow the judgment must be reversed. J.'s statement she "was scared" was admissible under the Evidence Code section 1250 state of mind hearsay exception (cf. *People v. Riccardi* (2012) 54 Cal.4th 758, 822 [declarant's statement she was "afraid" of defendant admissible]) as was J.'s statement she did not "want" to go back there tomorrow. J. made other complaints (i.e., to her grandmother, best friend, teacher, and Farrell) the admissibility of which is undisputed. There was ample evidence of appellant's guilt of the present offenses even absent the challenged statements. Any error in admitting the challenged statements into evidence as nonhearsay was not prejudicial. (Cf. *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Appellant argues if the challenged statements were hearsay, the fact they were prejudicial is demonstrated by the facts they corroborated J.'s testimony and the jury convicted appellant on counts 3 and 4, but there was no such corroboration as to A.'s testimony concerning appellant's abuse of A., and the jury did not convict appellant on counts

6

1 and 2. However, appellant's acts against J. and A. were so factually different (see fns. 1 –
3, *ante*) it is not reasonably probable the differences in the outcomes as to counts 1 through 4
was attributable to any corroborative effect of the challenged statements on the evidence as to
counts 3 and 4.

Moreover, appellant's argument the evidence as to counts 3 and 4 was insufficient
because the jury convicted appellant on those counts but not on counts 1 and 2 is akin to an
argument the evidence on counts 1 and 2 was insufficient because of inconsistent verdicts.
However, inconsistent verdicts are allowed to stand (*People v. Santamaria* (1994) 8 Cal.4th
903, 911); therefore, the verdicts on counts 3 and 4 are allowed to stand notwithstanding their
alleged inconsistency with the outcome as to counts 1 and 2.[4]

2. *Sufficient Evidence Supported Appellant's Convictions.*

Appellant claims insufficient evidence supported his convictions. We disagree. The
jury convicted appellant of lewd act upon a child (count 3) based on appellant's using his
hand to touch J.'s vaginal area under her pants and over her underwear on or between June 1,
2010, and June 1, 2011. As to this count, J. testified that on the second of three days during a
week in October 2010, appellant had her sit on his lap, put his hand inside her pants and over
her underwear, and left his hand there, causing her to feel uncomfortable, scared, and sad.
She made corroborating complaints to her grandmother, best friend, teacher, and Farrell.
Appellant engaged in similar lewd conduct on the first and third days; this was evidence he
committed the offense (count 3) on the second day. (See *People v. Ewoldt* (1994) 7 Cal.4th
380, 393, 394 & fn. 2, 402-404.) We hold there was sufficient evidence supporting
appellant's conviction on count 3. (Cf. *Ochoa, supra*, 6 Cal.4th at p. 1206.)

The jury also convicted appellant of sexual penetration of a child (count 4). As to this
count, J. testified that, on the third day, appellant put his hand under her underwear, moved
his hand around, and put his finger inside her vagina. As mentioned, she made corroborating

---

[4]     Appellant argues the trial court's instruction to the jury was flawed because it told the jury to accept as true that
J. was scared. We disagree; the instruction expressly stated her statement was "not coming in for the truth of the
statement, which is whether or not [J.] was scared." Appellant also argues the challenged statements were not relevant
because it was only after J. reported the abuse to her teacher that a criminal investigation began. We reject the argument
because appellant misperceives the relevance of a fresh complaint at the time it was made, and because appellant raises
the relevance issue for the first time in his reply brief. (Cf. *People v. Thomas* (1995) 38 Cal.App.4th 1331, 1334; *People
v. Jackson* (1981) 121 Cal.App.3d 862, 873.)

complaints. He engaged in similar lewd conduct on the first and second days; this was evidence he committed the offense (count 4) on the third day. We hold there was sufficient evidence supporting appellant's conviction on count 4. (Cf. *Ochoa*, *supra*, 6 Cal.4th at p. 1206.)

Appellant argues his conviction based on the "skin to skin" touching must have been based on the inadmissible hearsay of the challenged statements, because if, absent those statements, there was sufficient evidence he committed that offense, the jury should have convicted A. on counts 1 and 2. This argument, referring to "skin to skin" touching, necessarily pertains only to his conviction on count 4. Moreover, we have already rejected appellant's hearsay and inconsistent verdict arguments.

Appellant argues there is insufficient evidence because of an alleged evidentiary conflict. He notes J. testified when appellant touched her skin to skin, his hand would "just move around and in [her] private part" and she testified she did not remember if "his finger [went] inside [her] private part one time or more than one time." Appellant also notes Farrell asked J. how many times did appellant's "fingers go in your private parts," and J. replied, "One time because I had told my sister," and when Farrell later asked J. how many times appellant's "fingers [went] inside of [her] private parts," J. replied twice.

However, this argument necessarily pertains to count 4. The court instructed the jury pursuant to CALCRIM No. 226 that a jury should not automatically reject testimony because of inconsistencies or conflicts, the jury was to consider whether the differences were important, and people sometimes honestly forget things or make mistakes about what they remember. There is no dispute this is a correct statement of law and it applies here. We presume the jury resolved any factual conflict in favor of conviction. (*Ochoa, supra,* 6 Cal.4th at p. 1206.) We reject appellant's argument.

Appellant argues the evidence was insufficient because Mercado's testimony she did not know if a medical examination was done was "unreasonable." The incident involving J. occurred in about October 2010. Mercado was first assigned to this case in November 2011. Mercado testified in October 2012. Under these circumstances, the fact Mercado did not

8

remember whether J. underwent a medical examination did not render insubstantial the otherwise substantial evidence in this case.

The real issue is not whether Mercado remembered whether J. underwent such an examination but whether J. underwent one. To the extent appellant suggests Mercado should have scheduled such an examination for J., appellant has failed to demonstrate Mercado was obligated to schedule such an examination, that an examination conducted a year after the present incident would have produced any useful information, or that any resulting information would have diminished the otherwise substantial evidence in this case.

Appellant finally argues the evidence was insufficient because there was "no testimony of Johnathan [*sic*]" as to whether he was at home during J.'s visits. We reject the argument. J. told Farrell that Jo. was not present when the abuse occurred. J. testified when the acts occurred, Jo. was elsewhere in the apartment. Jo., a defense witness, acknowledged that when J. was at appellant's apartment after school, Jo. was not always in the room with J.

*DISPOSITION*

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

KLEIN, P. J.

ALDRICH, J.